

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1679
Re: Does opinion O-1448 apply to
sheriffs, in particular, and possibly
other county officers who collect fees
from the State in felony cases; and in
collecting such fees, is it necessary
that the officer make affidavit as to
the correctness thereof, secure the
approval of the district judge, etc?
And related questions

Your request for an opinion on the questions
as are herein stated has been received by this depart-
ment.

Referring to our opinion No. O-1448, your let-
ter reads as follows:

"In the above mentioned opinion you
hold that delinquent fees of office should
not be collected by the officer whose term
of office has terminated but should be col-
lected by his successor in office. Is it
your opinion that this ruling will apply
to sheriffs, in particular, and possibly
other county officers who collect fees from
the State in felony cases; and, in collect-
ing such fees is it necessary that the of-
ficer make affidavit as to the correctness
thereof, secure the approval of the district
judge, etc?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

"If your answer is in the affirmative, then your opinion on the following is respectfully requested:

"A term of court closes on or about December 31st, making it impossible for the officer who performed the service to collect his accounts from the State prior to January 1st. He retires from office on December 31st. Should such accounts be collected from the State by the retiring officer or his successor?

"In felony cases where punishment may be assessed as fine or jail sentence, the State pays no fees to any officer prior to final disposition. A sheriff performs certain service in such case, but the case is pending and therefore fee is not payable prior to the time he retires from office. Subsequent to the time he retires from office the case is dismissed or otherwise disposed of other than fine or jail sentence, and fee becomes payable. Should the officer who earned the fee file claim or should it be collected by his successor?

"Suppose the above mentioned case was continued for more than twelve months from the time the sheriff retired and was then dismissed--the fee was earned but did not become payable--would Article 3892 R. C. S. preclude payment to the sheriff and require that the present sheriff collect from the State and deposit with the county treasurer?"

Honorable George H. Sheppard, page 3

Article 3892 of Vernon's Civil Statutes reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned."

Article 3891, Vernon's Civil Statutes as follows:

"* * *All fees due and not collected, as shown in the report required by Article 3897, shall be collected by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act.* * *"

Honorable George H. Sheppard, page 4

In an opinion written March 17, 1933, by
Honorable Homer C. DeWolfe, Assistant Attorney General,
directed to Honorable K. C. Barkley, Criminal District
Attorney, Houston, Texas, this department held that an
officer who fails to collect his maximum and excess fees
for a fiscal year, and who has reported delinquencies
for that year is entitled to retain, when collected, de-
linquent fees sufficient to complete his maximum and ex-
cess for the year in which the delinquent fees were
charged.

While Article 3894, Revised Civil Statutes,
1925, has been repealed, all fees must be collected by
the officer to whose office the fees accrued, and when
he has retired from office, he no longer has any author-
ity to collect fees, even though the same were earned by
him. When delinquent fees are collected, the officer
collecting the same should pay them over to the retired
officer until such retired officer has received his maxi-
mum and excess.

The Supreme Court of Texas in the case of Ellis
County v. Thompson, 66 S. W. 48, said:

"Thompson had ceased to be the officer
to whose office the fees accrued, and had
no authority to collect the money after he
went out of office."

It is our opinion that the above quotation is a
correct expression of the law as it exists now, even though
Article 3894 has been repealed, and that the only material
change in the law by reason of the repeal of this article
was that thereafter the officer making the collection was
not entitled to a percentage of the amount collected by
him.

As supporting this conclusion, we call you at-
tention to the fact that under the provisions of the fee
law now in effect, the fees earned by officers are re-
ferred to as fees of office and not as fees belonging to
the individual who earned them. In Mechem on Public Of-
ficers, it is stated:

"As has been seen, the relation between
the officer and the public is not the creature
of contract, nor is the office itself a con-
tract. So his right to compensation is not
the creature of contract. It exists, if it
exists at all, as the creation of law, and
when it so exists, it belongs to him not by

Honorable George H. Sheppard, page 5

force of contract, but because the law at-
taches it to the office."

It will be further noted that under the pro-
visions of Article 3897, Vernon's Civil Statutes, re-
lating to the reports required to be filed, the officer
is only required to file a report for a fiscal year,
and that there is no provision requiring a report to be
filed as to fees collected by the officer after he retires
from office. If the retired officer had the right to col-
lect delinquent fees earned by him, then it would be im-
possible to determine the amount which he was authorized
to retain under the provisions of the fee law, and to de-
termine the amount of excess fees payable to the county.

It has been repeatedly held by this department
that the officer whose term of office has terminated has
no right or authority to collect delinquent fees which are
due him, that such fees shall be collected by the officer
to whose office the fees accrued, and shall be disposed of
by said officer in accordance with the provisions of the
laws governing the same.

In a case under the following facts, "A district
clerk, prior to going out of office, files all papers in
the case, completes transcripts in the Court of Criminal
Appeals, and then retires from office. His successor is
duly elected and qualifies. The fees in the case held
and tried in the former administration are now due and
payable under the latter administration;" This department
held in a letter opinion addressed to you on August 10,
1934, that:

"Although the fees you mentioned would be-
long to the first district clerk under the cir-
cumstances set out by you, since the services
were completely performed by the first district
clerk, (Hoke v. Simondon, 46 S. W. (2d) 1013;
Barnes v. Turner, 27 S. W. (2d) 532; Cameron
County v. Fox, 61 S. W. (2d) 483) it is my
opinion that such fees would be delinquent
fees; therefore, they would be payable and
collectible by the second district clerk by
virtue of the provisions of Article 3892, as
amended, Revised Civil Statutes. When so col-
lected by the second district clerk, they would

Honorable George H. Sheppard, page 6

belong in part to the first district clerk,
provided the latter clerk reported them as
delinquent fees in the statement required
by Article 3897, as amended, Revised Civil
Statutes, and provided that the first district
clerk has not already collected his maximum
compensation. As stated, however, the proper
person to receive payment of such fees, is the
second district clerk."

Articles 1033, 1034 and 1035, Code of Crim-
inal Procedure, read as follows:

"Art. 1033. Officer shall make out cost
bill

"Before the close of each term of the
district court, the district or county at-
torney, sheriff and clerk of said court
shall each make out a bill of the costs
claimed to be due them by the State, re-
spectively, in the felony cases tried at
that term; the bill shall show:

"1. The style and number of each case.

"2. The offense charged against the
defendant.

"3. The term of the court at which
the case was disposed of.

"4. The disposition of the case, and
that the case was finally disposed of, and
no appeal taken.

"5. The name and number of defendants;
and, if more than one, whether they were
tried jointly or separately.

"6. Where each defendant was arrested,
or witness served, stating the county in
which the service was made, giving distance
and direction from county seat of county
in which the process is served.

Honorable George H. Sheppard, page 7

"7.   The court shall inquire whether
there have been several prosecutions for
a transaction that is but one offense in
law.   If there is more than one prosecution
for the same transaction, or a portion there-
of, that could have been combined in one in-
dictment against the same defendant, the
judge shall allow fees to sheriffs, clerks
and district and county attorneys in but
one prosecution.

"8.   Where the defendants in a case
have severed on the trial, the judge shall
not allow the charges for service of process
and mileage to be duplicated in each case as
tried; but only such additional fees shall
be allowed as are caused by the severance.

"Art. 1034.   Judge to examine bill, etc.

"The District Judge, when any such bill
is presented to him, shall examine the same
carefully, and inquire into the correctness
thereof, and approve the same, in whole or
in part, or disapprove the entire bill, as
the facts and law may require; and such ap-
proval shall be conditioned only upon, and
subject to the approval of the State Comp-
troller as provided for in Article 1035 of
this Code, and the Judge's approval shall
so state therein; and such bill, with the
action of Judge thereon, shall be entered
on the minutes of said Court; and immediate-
ly on the rising of said Court, the Clerk
thereof shall make a certified copy from the
minutes of said Court of said bill, and the
action of the Judge thereon, and send same
by registered letter to the Comptroller.
Provided the bill herein referred to shall
before being presented to such District
Judge, be first presented to the County
Auditor, if such there be, who shall care-
fully examine and check the same, and shall
make whatever recommendations he shall think
proper to be made to such District Judge re-
lating to any item or the whole bill.

Honorable George H. Sheppard, page 8

"Fees due District Clerks for recording sheriff's accounts shall be paid at the end of said term; and all fees due District Clerks for making transcripts on change of venue and on appeal shall be paid as soon as the service is performed; and the Clerk's bill for such fees shall not be required to show that the case has been finally disposed of. Bills for fees for such transcripts shall be approved by the District Judge as above provided, and with the same conditions, and when approved shall be recorded as part of the minutes of the last preceding term of the Court.

"Art. 1035.  Duty of Comptroller

"The Comptroller upon the receipt of such claim, and said certified copy of the minutes of said Court, shall closely and carefully examine the same, and, if he deems the same to be correct, he shall draw his warrant on the State Treasurer for the amount found by him to be due, and in favor of the officer entitled to the same.  If the appropriations for paying such accounts is exhausted, the Comptroller shall file the same away, if found to be correct, and issue a certificate in the name of the officer entitled to the same, stating herein the amount of the claim and the character of the services performed. All such claims or accounts not sent to or placed on file in the office of the Comptroller within twelve (12) months from the date the same becomes due and payable shall be forever barred."

Article 1656c, Vernon's Civil Statutes, provides that the State Comptroller of Public Accounts shall prescribe and prepare the forms to be used by all county officials in the collection of county revenues, funds, fees and other moneys, and in the disbursement of all funds, shall prescribe the mode and manner of keeping and stating their accounts, which forms shall be so prepared as, in

the judgment of the Comptroller, will meet the needs of the counties of different sizes in the State.

Also, chapters 1 and 2 of title 15 of the Code of Criminal Procedure specifically require that certain accounts presented to the Comptroller for payment shall be verified.

This department held in an opinion written by Honorable Leon O. Moses, Assistant Attorney General, on February 15, 1935, that all fees due and not collected when the official earning the same retires from office should be collected by the present encumbent of the office. We enclose a copy of this opinion for your convenience.

In view of the foregoing authorities, in answer to your first question, you are respectfully advised that it is the opinion of this department that delinquent fees of office cannot be collected by the sheriff or any other officer whose term of office has terminated, but by his successor in office.

The answer to your first question necessarily answers your second and third questions.

Answering your fourth question, you are advised that if such fees are not collected within one year after the retiring officer has ceased to hold office, the officer to whose office the fees accrued shall collect them from the state and deposit such fees with the county treasurer.

Trusting that the foregoing fully answers your inquiry, we are

                    Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                    By *Ardell Williams*
                    Ardell Williams
                    Assistant

AW:ob
Encl.

APPROVED DEC 19, 1939

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN